# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL REED DORROUGH,<br><br>         Plaintiff,<br><br>    v.<br><br>S. HUBBARD, et al.,<br><br>         Defendants.<br>_____/ | CASE NO. 1:11-CV-00212-DLB PC<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND<br><br>(DOC. 1)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

### Screening Order

**I.    Background**

Plaintiff Michael Reed Dorrough ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on February 7, 2011. Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.   Summary of Complaint

Plaintiff is currently incarcerated at Corcoran State Prison ("CSP"), where the events giving rise to this action occurred. Plaintiff names as Defendants S. Hubbard, director of CDCR; former warden Derral Adams; chief deputy warden R. Davis; CC II R. Chavez, and associate warden of the security housing unit ("SHU") M. Jenning.

Plaintiff alleges the following. Plaintiff has been housed in the SHU for non-disciplinary reasons for twenty-two years. Plaintiff was validated as a prison gang member or associate. Plaintiff is denied any access to meaningful rehabilitation or education opportunities. Plaintiff is housed in a cell with only enough room for one person to walk around in. Plaintiff complains that the toilet can only flush twice every 12 minutes, thus leading to a build-up of human odor. Plaintiff complains that the light is on in his cell for 24 hours a day. Plaintiff contends that he should have been provided alternate housing.

Plaintiff complains that he is not allowed contact visits or phone calls except for emergencies. Plaintiff complains that he may go outside to the metal yard cages two times per week, for three hours. Plaintiff complains that he is allowed only one package per year, one appliance, and a tv or radio. Plaintiff complains that he is only allowed 1 shampoo, 2 bars of soap, 2 tubes of toothpaste, and 1 stick of deodorant, which can only be purchased once a month. Plaintiff complains that he is only provided one bar of soap, one toothbrush, and tooth powder weekly. Plaintiff complains that he is only allowed one ink pen filler every two weeks. Plaintiff complains of the lack of cleaning supplies.

1  Plaintiff suffers from depression and is required to take medication for it.  Plaintiff is also
2 prescribed medications to help him sleep.  Plaintiff complains that he should be provided a
3 meaningful program within a non-SHU, non-general population environment.

4  Plaintiff contends that he has a due process right to be free from confinement in the SHU
5 for non-disciplinary reasons.  Plaintiff contends a violation of the Eighth and Fourteenth
6 Amendments.  Plaintiff requests as relief monetary damages, and an injunction prohibiting
7 Defendants from subjecting Plaintiff to further harm.

**III.    Analysis**

   **A.    Eighth Amendment**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk of serious harm to him.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff fails to state an Eighth Amendment claim regarding hygienic items.  Based on Plaintiff's pleadings, he had adequate hygienic items.  Plaintiff fails to state an Eighth Amendment claim regarding the build-up of odor after use of the toilet.  Routine discomfort does not violate the Eighth Amendment.  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  Plaintiff fails to state an Eighth Amendment claim regarding exercise.  Plaintiff appears to receive adequate outdoor exercise.

Plaintiff fails to state an Eighth Amendment claim regarding lack of vocational and educational programs.  "Idleness and the lack of programs are not Eighth Amendment violations.  The lack of these programs simply does not amount to the infliction of pain."  *Hoptowit v. Ray*, 682 F.2d 1237, 1254-55 (9th Cir. 1982).

Plaintiff's complaint that his cell is too small for two inmates because there is only enough room for one person to walk around fails to state an Eighth Amendment claim. Allegations of overcrowding, alone, are insufficient to state a claim. *Rhodes*, 452 U.S. at 348.

Plaintiff may allege a serious harm regarding being housed in a cell with constant lighting for twenty-fours a day. *Keenan v. Hall*, 83 F.3d 1083, 1090 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998).  However, Plaintiff fails to allege sufficient facts to link any Defendants to the alleged constitutional violation.  To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006).[1]

**B.    Due Process**

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. *Id.*  Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466-68 (1983).  The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general

---

[1] Plaintiff appears to name Defendants who have supervisory roles.  The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.

When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor*, 880 F.2d . *List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff alleges no facts that support a claim against any Defendants on the basis of supervisory liability.

prison population instead of administrative segregation. *See id.* With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. Placement in administrative segregation, or the SHU if done for administrative rather than disciplinary purposes, requires notice to the prisoner, an opportunity for the prisoner to submit information, and non-adversarial review of the information supporting placement. *Toussaint v. McCarthy*, 801 F.2d 1080, 1100 (9th Cir. 1986); *see Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003) ("California's policy of assigning suspected gang affiliates to the Security Housing Unit is not a disciplinary measure, but an administrative strategy designed to preserve order in the prison and protect the safety of all inmates") (quoting *Munoz v. Rowland*, 104 F.3d 1096, 1098 (9th Cir. 1997)).

The Court will assume that Plaintiff has sufficiently alleged a liberty interest in avoiding placement in the SHU. Plaintiff, however, fails to state a due process claim. Plaintiff does not allege any facts which demonstrate that he was not provided notice, an opportunity to submit information regarding this notice, and a non-adversarial review of the information supporting his placement in the SHU. Plaintiff merely protests being continually housed in the SHU because of his validation as a prison gang member or associate. That does not state a due process claim.

Plaintiff fails to state a due process claim for lack of vocational or rehabilitative programs. There is no constitutional right to rehabilitation. *Coakley v. Murphy*, 884 F.2d 1218, 1221 (9th Cir. 1989); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985).

### IV. Conclusion And Order

Plaintiff fails to state any cognizable claims against any Defendants. The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

1  If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ.
2  P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's
3  constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949.  Although accepted as true, the
4  "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .
5  ." *Twombly*, 550 U.S. at 555.

6  Finally, Plaintiff is advised that an amended complaint supersedes the original complaint,
7  *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567
8  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded
9  pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original
10 complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567
11 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*,
12 114 F.3d at 1474.

13 Accordingly, based on the foregoing, it is HEREBY ORDERED that:

14 1. The Clerk's Office shall send Plaintiff a complaint form;

15 2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a
16    first amended complaint within **thirty (30) days** from the date of service of this
17    order;

18 3. Plaintiff should not add new and unrelated claims to his amended complaint and
19    any attempt to do so may result in the amended complaint being stricken; and

20 4. If Plaintiff fails to comply with this order, the Court will dismiss this action for
21    failure to obey a court order and failure to state a claim.

22 IT IS SO ORDERED.

23 Dated:   **August 10, 2011**           **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE