# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL REED DORROUGH, | 1:11cv00212 DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITHOUT LEAVE TO AMEND |
| v. | |
| S. HUBBARD, et al., | |
| Defendants. | |

**Screening Order**

**I.     Background**

Plaintiff Michael Reed Dorrough ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on February 2, 2011.

On August 10, 2011, the Court issued a screening order dismissing the complaint with leave to amend. The Court found that Plaintiff had not stated any cognizable claims.

Plaintiff filed his First Amended Complaint on September 7, 2011.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

## II.     Summary of Complaint

Plaintiff is currently incarcerated at Corcoran State Prison ("CSP"), where the events giving rise to this action occurred. Plaintiff names Chief Deputy Warden R. Davis, Correctional Counselor II R. Chavez, Associate Warden of the security housing unit ("SHU") M. Jennings, and Appeals Examiner D. Foston as Defendants.

According to the First Amended Complaint, Plaintiff has been housed in the SHU for non-disciplinary reasons for 23 years. He states that he does not challenge the validity of his classification as a validated prison gang member in this action.

Plaintiff explains that he has been subject to "long term isolation and the most extreme restrictive policies as a result of his housing." Specifically, he argues that he does not have access to any meaningful programs, and that as a matter of policy, he is required to be provided with a program in a non-SHU, non-general population. He also contends that his continued housing in isolation violates CDCR's Rules and Regulations, which prohibit SHU housing unless the prisoner had been charged with committing two or more illegal acts or serious acts of misconduct.

Plaintiff alleges that Defendants are aware of these rules and policies. He contends that

1  Defendants Jennings, Davis, Chavez and Foston were responsible for reviewing the 602 appeal
2  on these issues and could have resolved the issues.
3       Plaintiff alleges that he has a constitutionally protected liberty interest in freedom from
4  administrative segregation and freedom from the resulting psychological harm.  Plaintiff
5  contends that his long-term isolation has caused his depression.  He alleges that his continued
6  retention in isolation, where he has not committed any illegal acts or acts of misconduct, violates
7  his due process rights and the Eighth Amendment.
8       Plaintiff requests declaratory, injunctive and monetary relief.
9  **III.**    **Analysis**
10      In response to the Court's August 10, 2011, screening order, Plaintiff narrowed his claims
11 considerably and now only challenges his retention in isolation.
12      A.    Due Process
13      The assignment of validated gang members and associates to the SHU is an
14 administrative measure rather than a disciplinary measure, and is "essentially a matter of
15 administrative discretion."  Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir.2003) (quoting Munoz v.
16 Rowland, 104 F.3d 1096, 1098 (9th Cir.1997)).  As such, prisoners are entitled to the minimal
17 procedural protections set forth in Toussaint, namely adequate notice, an opportunity to be heard,
18 and periodic review.  Bruce, 351 F.3d at 1287 (citing to Toussaint v. McCarthy, 801 F.2d 1080,
19 1100-01 (9th Cir.1986)).  During the validation process, a prisoner is entitled to "an informal
20 nonadversary hearing within a reasonable time" after segregation, notice of the charges or
21 reasons for segregation, and an opportunity to present his views.  Toussaint, 801 F.2d at 1100.  In
22 addition to these minimal protections, there must be "some evidence" supporting the decision.
23 Id. (citing Superintendent v. Hill, 472 U.S. 445, 454 (1985)).
24      Segregation "may not be used as a pretext for indefinite confinement," Toussaint, 801
25 F.2d at 1101 (quoting Hewitt, 459 U.S. at 477 n. 9), and due process therefore requires that
26 following a prisoner's validation and confinement to the SHU, he be given periodic reviews of
27 his confinement which amount to more than "meaningless gestures." Toussaint, 801 F.2d at
28 1101-1102.  This post-deprivation "review will not necessarily require that prison officials permit

3

the submission of any additional evidence or statements," and "[t]he decision whether a prisoner remains a security risk will be based on facts relating to a particular prisoner-which will have been ascertained when determining to confine the inmate ...-and on the officials' general knowledge of prison conditions and tensions, which are singularly unsuited for 'proof' in any highly structured manner." Hewitt, 459 U.S. at 477 n.

In the Court's prior screening order, the Court explained that Plaintiff had not alleged any facts demonstrating that he was denied any of the procedural due process protections guaranteed under federal law. Plaintiff's amended complaint does not remedy this deficiency. He does not allege any facts which demonstrate that he was not provided notice, an opportunity to submit information regarding this notice, and a non-adversarial review of the information supporting his placement in the SHU.

Insofar as Plaintiff contends that he cannot be retained in isolation unless he has been charged with two illegal acts or acts of serious misconduct, he is incorrect. Plaintiff was classified as a validated prison gang member and he does not challenge this classification. As explained above, once a prisoner is validated as a gang member and placed on indeterminate SHU status, due process requires periodic reviews of their placement. Such reviews are based on factors other than whether the gang member has committed illegal acts or acts of serious misconduct. Cal. Code Regs., tit. 15, §§ 3378, 3341.5(c). For example, a gang member who has been determined to be "inactive" can be retained in the SHU "based on the inmate's past or present level of influence in the gang, history of misconduct, history of criminal activity, or other factors indicating that the inmate poses a threat to other inmates or institutional security." Cal. Code Regs., tit. 15, § 3341.5(c)(5).

Plaintiff has not made any allegations that he was denied periodic review. As Plaintiff has been granted one opportunity to amend but has failed to successfully do so, this claim must be dismissed without leave to amend.

B.     Eighth Amendment

Plaintiff also alleges that his retention in isolation violates his Eighth Amendment rights. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

4

conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint, 801 F.2d at 1080; Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

To the extent that Plaintiff is attempting to pursue additional Eighth Amendment claims based on the facts that he was placed in the SHU and that he is being retained in the SHU indefinitely, his claims fail. The indefinite confinement of Plaintiff in segregation does not give rise to a separate claim for relief under the Eighth Amendment.

However, the indefiniteness of Plaintiff's confinement is relevant to the issue of whether or not the subjection of plaintiff to the conditions in the SHU rises to the level of an Eighth Amendment violation.[1] In the Court's prior order, it explained to Plaintiff that, except for the constant lighting allegation, the conditions he cited did not rise to the level of Eighth Amendment violations.

The Court further explained while he may allege a serious harm regarding being housed in a cell with constant lighting for 24 hours a day, he had to allege sufficient facts to link a Defendant to the alleged violation. Keenan v. Hall, 83 F.3d 1083, 1090 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998). The First Amended Complaint does not cure this deficiency. Plaintiff has failed to allege that any Defendant knew of, and disregarded, an excessive risk to his health and safety.

Finally, to the extent that Plaintiff alleges that he suffered "psychological harm" as a result of being placed in the SHU on indefinite confinement, his claim fails. A plaintiff cannot prevail on an Eighth Amendment claim "simply by pointing to the generalized 'psychological pain,'—i.e., the loneliness, frustration, depression or extreme boredom-that inmates may

---

[1] It is unclear whether Plaintiff is attempting to allege Eighth Amendment claims based on the conditions of his SHU confinement. To ensure that all claims are discussed, the Court will address the issue.

experience by virtue of their confinement in the SHU." Madrid v. Gomez, 889 F.Supp. 1146, 1264 (N.D.Cal.1995) (citing Toussaint v. McCarthy, 801 F.2d 1080, 1107–08 (9th Cir.1986)). "The Eighth Amendment simply does not guarantee that inmates will not suffer some psychological effects from incarceration or segregation." Id. (citing Jackson v. Meacham, 699 F.2d 578, 583 (1st Cir.1983)).

As Plaintiff has been granted one opportunity to amend but has failed to successfully do so, this claim must be dismissed without leave to amend.

**ORDER**

For the reasons discussed above, Plaintiff has failed to state a claim for which relief may be granted. Plaintiff was given an opportunity to amend but failed to correct the deficiencies. According, the Court ORDERS that this action be DISMISSED WITHOUT LEAVE TO AMEND.

This terminates this action in its entirety.

IT IS SO ORDERED.

Dated:   **December 16, 2011**             /s/ **Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE