# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL REED DORROUGH,<br><br>        Plaintiff,<br><br>    v.<br><br>R. WENCIKER, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:11-CV-00212-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(DOC. 12) |

Plaintiff Michael Reed Dorrough ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff was proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On September 7, 2011, Plaintiff filed a first amended complaint. On December 16, 2011, the Court dismissed the action for failure to state a claim, and entered judgment accordingly. Pending before the Court is Plaintiff's motion for reconsideration, filed January 3, 2012. Doc. 12. Based on the timing of the filing, the motion is construed as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable

1

discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted). Amending a judgment after its entry remains "an extraordinary remedy which should be used sparingly." *Id.* (internal quotation marks omitted).  This Court's Local Rule 230(j) requires a party seeking reconsideration to demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . and . . . why the facts or circumstances were not shown at the time of the prior motion."

Plaintiff reiterates his claims from his first amended complaint.  The Court has already considered Plaintiff's first amended complaint, and found that Plaintiff has failed to state a claim.  Plaintiff's citation to Local Rule 303(f) is also incorrect.  Plaintiff consented to magistrate judge jurisdiction on April 12, 2011, and thus Local Rule 303 does not apply. *See* L.R. 301 (in actions in which all appearing parties have consented to magistrate judge jurisdiction, Local Rule 303 does not apply).  Accordingly, it is HEREBY ORDERED that Plaintiff's motion for reconsideration, filed January 3, 2012, is denied.

IT IS SO ORDERED.

Dated:   **January 4, 2012**          /s/ **Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE

2