1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8

MICHAEL REED DORROUGH,

CASE NO. 1:11-CV-00212-DLB PC

9

            Plaintiff,

ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION

10

   v.

(DOC. 12)

11

R. WENCIKER, et al.,

12

            Defendants.

13

_____/

14

15      Plaintiff Michael Reed Dorrough ("Plaintiff") is a prisoner in the custody of the

16  California Department of Corrections and Rehabilitation.  Plaintiff was proceeding pro se and in

17  forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On September 7, 2011,

18  Plaintiff filed a first amended complaint.  On December 16, 2011, the Court dismissed the action

19  for failure to state a claim, and entered judgment accordingly.  Pending before the Court is

20  Plaintiff's motion for reconsideration, filed January 3, 2012.  Doc. 12.  Based on the timing of

21  the filing, the motion is construed as a motion to alter or amend the judgment pursuant to Rule

22  59(e) of the Federal Rules of Civil Procedure.

23          In general, there are four basic grounds upon which a Rule 59(e) motion may be
24          granted: (1) if such motion is necessary to correct manifest errors of law or fact
            upon which the judgment rests; (2) if such motion is necessary to present newly
            discovered or previously unavailable evidence; (3) if such motion is necessary to
25          prevent manifest injustice; or (4) if the amendment is justified by an intervening
            change in controlling law.

26

27  *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). "Since specific grounds for a

28  motion to amend or alter are not listed in the rule, the district court enjoys considerable

1    discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1

2    (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted). Amending a judgment

3    after its entry remains "an extraordinary remedy which should be used sparingly." *Id.* (internal

4    quotation marks omitted).  This Court's Local Rule 230(j) requires a party seeking

5    reconsideration to demonstrate "what new or different facts or circumstances are claimed to exist

6    which did not exist or were not shown upon such prior motion, or what other grounds exist for

7    the motion . . . and . . . why the facts or circumstances were not shown at the time of the prior

8    motion."

9         Plaintiff reiterates his claims from his first amended complaint.  The Court has already

10   considered Plaintiff's first amended complaint, and found that Plaintiff has failed to state a

11   claim.  Plaintiff's citation to Local Rule 303(f) is also incorrect.  Plaintiff consented to

12   magistrate judge jurisdiction on April 12, 2011, and thus Local Rule 303 does not apply.  *See*

13   L.R. 301 (in actions in which all appearing parties have consented to magistrate judge

14   jurisdiction, Local Rule 303 does not apply).  Accordingly, it is HEREBY ORDERED that

15   Plaintiff's motion for reconsideration, filed January 3, 2012, is denied.

16        IT IS SO ORDERED.

17   **Dated:   January 4, 2012**            _____ **/s/ Dennis L. Beck** _____
                                              UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28